```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DAVID L. GLEMSER, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 06-1961 (JBS/JS) |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**SIMANDLE**, District Judge:

   This matter is before the Court upon Plaintiff David L. Glemser's motion for a new trial pursuant to Rule 59(a), Fed. R. Civ. P. [Docket Item 40].  THIS COURT FINDS AS FOLLOWS:

   1.  This Federal Tort Claims Act litigation arises out of a motor vehicle accident between Plaintiff and Charles Bengel, a United States Postal Service employee.  On December 15, 2009, following a nonjury trial held on November 30, 2009, this Court issued Findings of Fact and Conclusions of Law and entered a Judgment in favor of Defendant the United States of America [Docket Items 38 & 39].  The Court found that Plaintiff, through his own negligence, was ninety-five percent at fault for the accident and so could not recover under New Jersey's law of modified comparative negligence. (Conclusions of Law ¶ 7.)

   2.  In coming to this conclusion, the Court stated: "Plaintiff breached his duty of reasonable care when he used his right signal only briefly before making a quick right turn from the left lane of traffic into the right lane and ultimately giving Mr. Bengel [who was traveling in the right lane]

insufficient time to stop and avoid the accident." (Conclusions of Law ¶ 3.) Regarding the traffic pattern at the scene of the accident, the Court found from testimony and photographs that "two lanes of vehicles can and do travel west at the point of the accident, with the right lane going straight (and ultimately widening further to allow for a right turn-off) and the left lane becoming a left-turn only lane. There is no white line visibly dividing the two lanes at the accident site." (Findings of Fact ¶ 9.) The Court made this finding in light of the "candid testimony" of Mr. Bengel "based on his many years traveling that route," which the Court found credible, and the photographs of the accident scene. (Id. ¶¶ 8-9.) Plaintiff now argues that the Court's judgment was against the weight of the evidence because the photographs of the scene of the accident show that there was no line dividing the two lanes of traffic heading west at the location of the accident. Plaintiff does not challenge any other aspect of the Court's decision. He requests a new trial pursuant to Rule 59(a)(1)(B) or amended findings of fact pursuant to Rule 59(a)(2).

3. Under Rule 59(a), following a nonjury trial a party may either seek a new trial or amended findings of fact and conclusions of law. "A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2804 (2010); 12-59

2

Moore's Federal Practice - Civil § 59.13l; Ball v. Interoceanica Corp., 71 F.3d 73, 76 (2d Cir. 1995); see United States v. Schiffer, 836 F. Supp. 1164, 1169 (E.D.Pa. 1993) ("Courts have cited three grounds for granting a new trial under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence.") (citing Brown v. Wright, 588 F.2d 708 (9th Cir. 1978)).  The Court finds no manifest error in its Findings of Fact and Conclusions of Law and will deny Plaintiff's motion for a new trial.[1]

    4.  As reflected above, the Court was well-aware that there was no formal line marking the two lanes of traffic, but nevertheless concluded that the permissible traffic pattern at the scene of the accident included two lanes of traffic. (Findings of Fact ¶ 9.)  The absence of a line of demarcation was not dispositive, where there was credible testimony and photographic evidence that two continuous lines of cars indeed formed the traffic pattern on this portion of the roadway at the time of the accident.  With two lines of cars moving westward,

---

[1] Defendant asks the Court to apply the "miscarriage of justice" standard, generally applied to a motion for new jury trial based on insufficiency of the evidence, Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991), to this nonjury action.  It is unclear whether this standard is appropriate for a bench trial, where the logistics of rehearing some or all of the evidence are far less cumbersome.  See Compass Tech. v. Tseng Lab., 71 F.3d 1125, 1131 (3d Cir. 1995) (observing the relative ease with which a new nonjury trial might be orchestrated, as compared to a new jury trial).  Because the Court finds that Plaintiff has failed to show an error of fact, the Court need not decide whether a higher standard should be applied in a nonjury case such as this one.

Plaintiff did not exercise reasonable care when he attempted to cross from the left lane across the right line of cars into the parking lot entrance without checking for ongoing traffic or using his turn signal sufficiently in advance of making the turn. (Conclusions of Law ¶ 3.)  The Court credited testimony that the traffic volume was heavy approaching the intersection, and that it should have been apparent to Mr. Glemser that he could not safely turn right from the left lane without observing vehicles, including Defendant's postal vehicle in the right lane.  Mr. Bengel was only five percent at fault for the accident, because though he might have been able to avoid the accident had he been traveling at a slower speed, he was traveling in a separate lane of traffic and under no obligation to remain any distance behind Plaintiff.  (Conclusions of Law ¶ 5.)  The Court finds no manifest error in these findings of fact and conclusions of law.

5.  The accompanying Order shall be entered.

**April 26, 2010**                                         **s/ Jerome B. Simandle**
Date                                                          JEROME B. SIMANDLE
                                                                           United States District Judge